IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| GREGORY LEE TORTI | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1476-M |
| | § | |
| ANNETTE HUGHES, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Gregory Lee Torti, a Texas prisoner, against the Grand Prairie Police Department, two police officers, and three private citizens who accused him of sexually assaulting a six year-old boy. On August 28, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on October 29, 2007. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In 1996, plaintiff was charged with sexually assaulting a six year-old boy by inserting a hot dog into his anus. Upon learning of the incident, the child's mother, Annette Hughes, and grandmother, Bobbie Ellis, reported the crime to the Grand Prairie Police Department. Officers James E. McLaughlin and Tina Jackson interviewed the witnesses and wrote an offense report based on their account of what transpired. Plaintiff was subsequently convicted of aggravated sexual assault of a child and sentenced to 12 years in prison. In this action, plaintiff accuses the witnesses and police officers of conspiring to deprive him of his constitutional rights by falsely accusing him of a crime, committing perjury, obstructing justice, and tampering with evidence. As relief, plaintiff seeks $10 million in damages and a declaratory judgment that his rights have been violated.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1) is frivolous or malicious;
>
> (2) fails to state a claim upon which relief can be granted; or
>
> (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination*

*Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Grand Prairie Police Department. Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g. Johnson v. Dallas City Police Dep't*, No. 3-04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (Dallas police department not a proper defendant with jural existence); *Bridges v. Rossi*, No. 3-96-CV-0488-X, 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (same). Because plaintiff fails to allege or otherwise demonstrate that the Grand Prairie Police Department is a separate legal entity having jural authority, his claims against this defendant must be dismissed.

C.

Nor has plaintiff stated a cognizable claim against the other defendants. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so,

the claim is barred unless the conviction has been reversed or been declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

The gravamen of plaintiff's complaint is that the victim, Hughes, Ellis, McLaughlin, and Jackson falsely accused him of aggravated sexual assault and perjured themselves at his trial. Such claims necessarily imply the invalidity of plaintiff's criminal conviction, which has never been reversed or been declared invalid. (*See* Mag. J. Interrog. #3). Consequently, plaintiff cannot maintain a civil rights action under 42 U.S.C. § 1983.[1] *See, e.g. Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004) (civil rights claim based on manufactured evidence and perjured testimony does not accrue until state court dismisses underlying criminal action); *Haulman v. Jefferson Co. Sheriff Office*, 15 Fed.Appx. 720, 721, 2001 WL 848600 at *1 (10th Cir. Jul. 27, 2001) (same as to witness tampering claim); *Ferguson v. City of Rowlett*, No. 3-04-CV-1429-P, 2004 WL 1857130 at *2 (N.D. Tex. Aug. 18, 2004), *rec. adopted*, 2004 WL 1944082 (N.D. Tex. Aug. 31, 2004) (claim that police and prosecutor conspired to manufacture misleading videotape and present false evidence to jury in DWI case was barred by *Heck*).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[1] Plaintiff also fails to allege any facts which, if proved, establish that the victim, Hughes, and Ellis acted under "color of state law." A private citizen may be sued for civil rights violations under 42 U.S.C. § 1983 only when the challenged conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital,* 180 F.3d 234, 241 (5th Cir. 1999). The fact that these witnesses provided information to the police and testified against plaintiff at his criminal trial does not make them "state actors" for purposes of section 1983 liability. *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988).

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 2, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE